IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WANREKA BEARDEN                                                                                      PLAINTIFF

vs.                                              Civil No. 4:22-cv-04108

COMMISSIONER, SOCIAL                                                                          DEFENDANT
SECURITY ADMINISTRATION

**MEMORANDUM OPINION**

Wanreka Bearden ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 9.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her disability application on February 5, 2019. (Tr. 16). In this application, Plaintiff alleges being disabled due to anxiety, back problems, neck problems, swelling her hands and feet, shoulder problems, numbness in her feet and legs, numbness in her knees, carpal tunnel syndrome, and diabetes. (Tr. 258). Plaintiff alleges an onset date of August 9, 2017. (Tr. 16). This application was denied initially on April 30, 2019, and this application was denied again on

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 14. These references are to the page number of the transcript itself not the ECF page number.

reconsideration on June 25, 2019.  *Id.*  Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted.  *Id.*

On March 3, 2020, the ALJ held an administrative hearing.  (Tr. 68-97).  At this hearing, Plaintiff was present and was represented by counsel, Mickey Stevens.  *Id.*  Plaintiff and Vocational Expert ("VE") Lenora Maatouk testified at this administrative hearing.  *Id.*

On August 23, 2021, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application.  (Tr. 13-29).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 5, 2019, her application date.  (Tr. 18, Finding 1).  The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine; degenerative joint disease and rotator cuff tendinitis of the bilateral shoulders; generalized anxiety disorder; and major depressive disorder.  (Tr. 18, Finding 2).  Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 19-20, Finding 3).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC").  (Tr. 20-23, Finding 4).  Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except can use either upper extremity frequently to reach, handle, finger and feel; can occasionally stoop, crouch, crawl and kneel; cannot climb ladders, ropes or scaffolds; can occasionally climb stairs and ramps; is unable to balance on narrow or moving surfaces, but is able to balance occasionally on level surfaces; cannot work in proximity to unprotected heights and dangerous moving machinery; can use foot controls occasionally; can understand, remember and carry out short, simple instructions; can perform simple, routine tasks with no fast paced high quota production work; can make only simple work-related decisions; can adapt to few, if any workplace changes and can tolerate only occasional interaction with coworkers, supervisors and the general public.

*Id.* The ALJ determined Plaintiff was thirty-five (35) years old, which is defined as a younger individual under 20 C.F.R. § 416.963(c) (2008), on the date her application was filed. (Tr. 24, Finding 6). The ALJ determined Plaintiff had a limited education. (Tr. 24, Finding 7).

The ALJ determined Plaintiff was unable to perform any of her Past Relevant Work ("PRW"). (Tr. 23-24, Finding 5). The ALJ then considered whether Plaintiff had the capacity to perform other work existing in significant numbers in the national economy. (Tr. 24-25, Finding 9). The VE testified at an administrative hearing regarding her ability to perform other occupations. *Id.*

Specifically, the VE testified Plaintiff retained the capacity to perform the following light, unskilled occupations: (1) price marker with 124,762 jobs in the national economy; (2) hotel housekeeper with 219,720 jobs in the national economy; and (3) cafeteria attendant with 28,104 jobs in the national economy. (Tr. 24). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff was not disabled at any time from her application date of February 5, 2019 through the date of the ALJ's decision or through August 23, 2021. (Tr. 25, Finding 10).

Plaintiff requested the Appeal's Council's review of this unfavorable decision. (Tr. 1-7). The Appeals Council denied this request on September 6, 2022. *Id.* Thereafter, on November 4, 2022, Plaintiff appealed her administrative case to this Court. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 22, 2022. ECF No. 9. Both Parties have filed their appeal briefs, and this matter is now ripe for consideration. ECF Nos. 16, 18.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 16 at 1-15. Specifically, Plaintiff raises the following two claims: (1) the ALJ erred by failing to consider her carpal tunnel syndrome and negative ulnar variance at Step Two of the Analysis; and (2) the ALJ erred in assessing her RFC. *Id.* Upon review of Plaintiff's case, the Court finds Plaintiff's first argument is merited. Thus, this case must be reversed and remanded.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing

the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In this case, Plaintiff alleged being disabled due to carpal tunnel syndrome. (Tr. 258). In 2014, Plaintiff's medical records demonstrate she suffered from "bilateral wrist pain" that was "moderate-severe." (Tr. 507). Her medical records support her claim that she continued to suffer from carpal tunnel syndrome through the next several years with little to no resolution. (Tr. 536, 540). In his opinion, the ALJ did not address her carpal tunnel syndrome and did not find it was a severe impairment. (Tr. 18, Finding 3). The ALJ further did not consider any limitations related to her alleged carpal tunnel syndrome and found she could in fact frequently "reach, handle, finger and feel." (Tr. 20). Based upon these records, the Court finds the ALJ erred in finding her carpal tunnel syndrome did not meet the low or *de minimis* standard for a "severe impairment." Thus, this case must be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is not supported by substantial evidence in the record. As such, this case should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 24th day of May 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE